## NATIONAL CASKET CO. v. STOLTS.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

### No. 174.

PATENTS (§ 328*)—VALIDITY—PRIOR ART—BURIAL CASKETS—FACE PLATE—
TRANSPARENT GAUZE—FABRIC.

Reissue patent No. 12,750 (original No. 619,567), issued to the National Casket Company, as assignee of William Hamilton, for a face plate comprising a stretched sheet of transparent non-brittle gauze fabric, mounted on a supporting member, to be used in burial caskets, *held* devoid of invention, in view of the prior art, and therefore invalid.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by the National Casket Company against Julius W. Stolts, as president and treasurer of J. & J. W. Stolts, an unincorporated joint-stock association. From a decree dismissing the complaint (197 Fed. 940), complainant appeals. Affirmed.

On appeal from a decree of the United States District Court for the Southern District of New York dismissing the bill in an action based upon reissued letters patent No. 12,750, dated February 14, 1908. The original patent, No. 619,567, was granted February 14, 1899, to William Hamilton, assignor to the complainant. Hamilton having died prior to December 18, 1907, the reissue was, on that date, applied for by the complainant. The original had one claim, the reissue has five claims. The patent has been in litigation during the last ten years, the result being that the original was held invalid for lack of novelty and invention and the reissue was held invalid for lack of novelty and invention and also for the reason that its claims, or their equivalents, had been applied for in the original application and had been abandoned. (C. C.) 127 Fed. 158; 135 Fed. 534, 68 C. C. A. 84; (C. C.) 153 Fed. 765; 157 Fed. 392, 85 C. C. A. 300; 174 Fed. 413, 98 C. C. A. 617; (D. C.) 197 Fed. 940.

Duell, Warfield & Duell, of New York City (F. P. Warfield, C. H. Duell, and H. S. Duell, all of New York City, of counsel), for appellant.

Arthur v. Briesen and Hans v. Briesen, both of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COXE, Circuit Judge. The claim of the original patent was as follows:

"The combination with a burial-casket, of a face-plate comprising a stretched sheet of transparent non-brittle gauze fabric."

The claims of the reissue are as follows:

"1. The combination with a burial casket cover portion, of a relatively movable face-plate comprising a supporting member, and a stretched sheet of transparent, non-brittle gauze mounted upon said supporting member.

"2. The combination with a burial casket cover portion, of a face-plate which comprises a frame and a sheet of transparent, non-brittle gauze evenly stretched to said frame and held thereby along each edge, whereby it is uniformly supported and may be handled as a unit.

"3. The combination with a burial casket cover portion, of a face-plate slidably mounted thereon which comprises a frame and a sheet of transparent, non-brittle gauze evenly stretched to said frame and held thereby along each edge, whereby it is uniformly supported and may be handled as a unit.

"4. In constructions of the class described, in combination, a casket cover, a frame movably mounted upon said casket cover, and a sheet of gauze evenly stretched over and secured to said frame, whereby it is supported and held in position throughout each edge.

"5. In constructions of the class described in combination, a casket cover provided with guiding slots, and a face-plate slidably mounted within said slots, said face-plate comprising a frame and a sheet of transparent gauze evenly stretched over said frame along each edge and secured thereto."

It will be seen that the only appreciable difference between the structures described and claimed in the reissue and in the original is that in the reissue the elements which unite to form the combination are described with minute particularity. In our former decision—157 Fed. 392, 85 C. C. A. 300—we held that a face-plate for a burial casket of transparent non-brittle gauze fabric, whether of silk or cotton, irrespective of the color of the material, the fineness of the mesh or the method of attachment, would anticipate the claim and that such structures had been shown in the prior art. This conclusion was reached after a careful examination of the testimony and is not now subject to review. We start, then, with the proposition that it did not require an exercise of the inventive faculties to stretch a sheet of non-brittle gauze fabric as a face-plate for a burial casket. The question now confronting us is whether it involved invention to use such fabric when stretched over a movable or sliding frame whereby it is uniformly supported and may be handled as a unit. Or, to state the question more concisely, if the claims of the reissue had been in the original, could we have reached a different conclusion? When it is remembered that long prior to Hamilton's application glass face-plates were mounted in sliding frames, that black silk illusion was stretched over the face opening, drawn smooth and tacked all around and that the part of the cover containing this face-plate was removable, we have no hesitation in saying that our conclusion would have been the same. Giving to Hamilton full credit for all he accomplished, he was still among the skilled mechanics and never reached the higher plane of the inventor. It surely required no exercise of inventive skill to fasten the silk illusion, which had previously been stretched tightly over the casket opening, to the movable slide. The advantages and disadvantages of glass and illusion were known; some might prefer one and

some the other, but to assert that it required invention to substitute illusion for glass in the movable slide is, in our judgment, an untenable proposition. It might as well be asserted that it involves invention for one who has used mosquito netting tacked to a window casing, to remove the glass and tack the netting to the movable sash. Nothing novel is accomplished by such changes. For one who preferred gauze to glass as a face-plate it was a perfectly obvious thing to do.

When the former appeal was before us the questions were fully and ably presented and the patent was held invalid because, if not actually anticipated, there was no invention, in view of the prior art.

For convenience, the testimony of Riggins was selected as probably the most positive and distinct of all the numerous witnesses sworn. In brief, the record showed that long prior to the Hamilton patent, silk and cotton illusion had been used as the face-plate of caskets and was tacked all the way round, the black silk illusion being drawn perfectly tight as it is shown in the patented structure. There is no escape from the conclusion that the patent was held void because the prior art showed several instances where the identical thing which was the subject of the claim had been done long prior to the date of the alleged invention. There was certainly nothing in our opinion to indicate that we considered the case one for a reissue or that we thought that what Hamliton accomplished, beyond what the prior art showed, required the exercise of the inventive faculties.

The entire proceeding has assumed the character of a reargument of the decision of this court. If we adhere to our former decision that Riggins and others had employed the basic idea of Hamilton, viz., covering the face of the dead with cotton and silk illusion stretched tightly over the casket opening, there certainly can be no patent for a change in the details by which this fastening is accomplished.

The decree is affirmed with costs.